UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Continental Resources, Inc., an Oklahoma corporation,<br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>North Dakota Board of University and School Lands, and the United States of America,<br>　　　　　　　　Defendants. | **ANSWER TO COMPLAINT**<br><br>Case No. 1:17-cv-00014 |

Defendant North Dakota Board of University and School Lands (hereinafter referred to as "Land Board"), for its Answer to the Complaint of Continental Resources, Inc., (hereinafter referred to as "Continental") states as follows:

[¶1]　Except as admitted, or otherwise qualified, the Land Board specifically denies each and every allegation, matter, and thing contained in the Complaint for Interpleader Pursuant to N.D.R.Civ.P. 22.

[¶2]　Paragraph 1 sets forth the nature of this action and does not require a response. To the extent a response is required, the Land Board denies there are grounds for Continental to bring this action.

[¶3]　The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies them.

[¶4]　The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies them. The Land Board specifically states that it owns the property it has leased, that being the oil and gas and other hydrocarbons located below the ordinary high watermark ("OHWM") of the Missouri River.

[¶5]　With regard to the allegation in paragraph 4, the Land Board admits that the North Dakota District Court, County of McKenzie has subject matter jurisdiction over this lawsuit.

The Land Board specifically denies that the federal district court has jurisdiction over this lawsuit.

[¶6]　With regard to paragraph 5, N.D.R.Civ.P. 22 and N.D.C.C. § 32-11-02 speak for themselves. To the extent a response is required, the Land Board denies that there are grounds for Continental to bring this action.

[¶7]　With regard to paragraph 6, 28 U.S.C. § 2410 speaks for itself. To the extent a response is required, the Land Board denies that there are grounds for Continental to bring this action.

[¶8]　With regard to the allegations in paragraphs 7 and 8, the Land Board admits that the North Dakota District Court, County of McKenzie, is the appropriate venue for this lawsuit and specifically alleges that N.D.C.C. §§ 28-04-01 and 28-04-02 speak for themselves. The Land Board specifically denies that the federal district court is the appropriate venue.

[¶9]　With regard to the allegations in paragraph 9, the Land Board admits that Continental is a corporation engaged in the business of crude oil and natural gas exploration, development, and production and that the Land Board has entered into leases with Continental for the production of oil and gas. The Land Board denies all other allegations contained in paragraph 9.

[¶10]　The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies them.

[¶11]　The Land Board admits the allegations in paragraphs 11, 12, and 13.

[¶12]　With regard to the allegations in paragraph 14, the Land Board admits the United States acquired land by purchase and condemnation to build the Garrison Dam on the Missouri River and subsequently flooded areas adjacent to the Missouri River. The Land Board specifically denies that Lake Sakakawea spans approximately 480 square miles.

[¶13]　The Land Board admits the allegations in paragraph 15, but specifically denies that the property owned by the United States extends to the oil and gas and other hydrocarbons located below the OHWM of the Missouri River.

[¶14]  The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and, therefore, denies them.

[¶15]  The Land Board admits the allegations contained in paragraph 17.

[¶16]  With regard to the allegations in paragraph 18, the Land Board admits it commissioned a study of the Missouri River in 2010 but denies that the study defines the boundaries of its claim of title to the Missouri River.

[¶17]  The Land Board denies the allegations in paragraph 19 characterizing the state of North Dakota's claimed ownership of the Missouri River.  The Land Board specifically alleges that it owns the property located below the OHWM of the Missouri River. The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegation that its ownership overlaps with mineral estates claimed by the United States and, therefore, denies it.

[¶18]  The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 20, 21, and 22 and, therefore, denies them.

[¶19]  With regard to the allegations in paragraph 23, the Land Board admits that it claims rights to royalties from Continental for lands in which the Land Board has leased for oil and gas production.  The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and, therefore, denies them.

[¶20]  With regard to the allegations in paragraph 24, the Land Board admits it has a continuing security interest on in the oil and gas produced from the lands the Land Board has leased for oil and gas production but specifically denies that the United States is an interest owner entitled to a security interest for the minerals leased by the Land Board. The Land Board also denies that it has asserted its security interest under the procedure in N.D.C.C. ch. 35-37.

[¶21]  The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 25, 26, 27, 28, and 29 and, therefore, denies them.

[¶22]  With regard to the allegations in paragraph 30, the Land Board admits Continental has placed into escrow certain royalty payments related to the Disputed Lands but the Land Board specifically denies that said escrowed royalties are the total amount due the state of North Dakota.

[¶23]  The Land Board lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 31, 32, and 33 and, therefore, denies them.

## **AFFIRMATIVE DEFENSES**

[¶24]  The Land Board affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted.

[¶25]  The Land Board affirmatively alleges that the federal district court lacks subject matter jurisdiction Plaintiff's state law claims.

[¶26]  The Land Board affirmatively alleges that all or some of the claims are barred by Eleventh Amendment immunity.  The Land Board affirmative asserts its immunity under the Eleventh Amendment.  N.D.C.C. § 32-12.2-10.

[¶27]  WHEREFORE, Defendant North Dakota Board of University and School Lands requests the following relief:

[¶28]  A judgment dismissing this action as against the Land Board; or in the alternative, a judgment remanding this matter back to North Dakota District Court, County of McKenzie;

[¶29]  A judgment finding that the Land Board is entitled to all royalties due and owing under leases the Land Board has issued for oil and gas production, and finding that the United States owns no claims to such property and forever barring the United States from asserting title to or an interest in that property;

[¶30]  For an award to the Land Board the costs and disbursements incurred in this litigation, including reasonable attorneys' fees; and

[¶31]  Granting such other relief as the court may deem just and proper.

Dated this 13th of February, 2017.

        State of North Dakota
        Wayne Stenehjem
        Attorney General

By:   /s/ Hope L. Hogan
        State Bar ID No. 05982
        David P. Garner
        State Bar ID No. 06860
        Assistant Attorneys General
        Office of Attorney General
        500 North 9th Street
        Bismarck, ND 58501-4509
        Telephone (701) 328-3640
        Facsimile (701) 328-4300
        Email  hhogan@nd.gov

Attorneys for Defendants North Dakota Board of University and School Lands.