UNITED STATES DISTRICT COURT

DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CONTINENTAL RESOURCES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH DAKOTA BOARD OF UNIVERSITY ) <br> AND SCHOOL LANDS, and the UNITED ) <br> STATES OF AMERICA, ) <br> ) <br> Defendants. ) | **Case No. 1:17-cv-00014** |

**Proposed Case Schedule**

The Parties propose that the Court adopt the following case schedule:

1. By June 14, 2019, the North Dakota Board of University & School Lands ("Land Board") shall file a pleading that sets forth its claim to the stake.

2. By August 13, 2019, the United States of America ("United States") shall make a filing. The nature of the filing is subject to the dispute set forth below.

3. After the United States' August 13, 2019 filing, proceedings in the case will be stayed, including any deadline the Land Board or Continental Resources, Inc. ("Continental"), may have to respond to the United States' August 13 filing, until September 19, 2019 or such other date set by further order of the Court. During the stay, the United States and Land Board shall discuss whether the dispute that gave rise to this litigation can be resolved. By no later than September 19, 2019, the United States and Land Board shall inform the Court about the status of their discussions, at which time the Court will consider a schedule by which the case will be brought to conclusion.

With respect to Paragraph 2, the parties do not agree as to what filing the United States should or must make. The respective positions of the parties are set forth below.

**Position of Continental Resources, Inc.:**

Paragraph 2 should read as follows:

2. By August 13, 2019, the United States of America ("United States") shall file a pleading that sets forth its claims to the stake and, as appropriate, responds to the Land Board's filing.

Pursuant to the Court's Order on December 31, 2018, the United States must affirmatively "assert [its] claims, if any, to the disputed stake." Order Denying Mot. to Dismiss, ECF No. 49, at 14 (Dec. 31, 2018). That is, the Court has expressly directed the United States—as it has also directed the Land Board—to set forth in its filing the scope of its claims to the stake as the Court has defined it—"royalty payments the United States claims to own but has not received"—and the basis for those claims. *Id.* at 13-14. The Court has determined that it has jurisdiction to adjudicate the United States' claims (and those of the Land Board), once asserted. *Id.* at 5-10.

Continental's interpleader complaint can be resolved without resorting to the Quiet Title Act ("QTA"). While the United States is free to assert whatever defenses it may have to a QTA claim, should North Dakota advance one, the Court has already determined that the dispute between the sovereigns with respect to the royalty payments supports its jurisdiction under 28 U.S.C. § 2410. *Id.* at 5-10. Accordingly, the QTA does not affect this Court's subject matter jurisdiction, and there is no need for special procedures to allow the United States to raise, for a second time, issues concerning the QTA.

Indeed, the United States has already advanced its arguments opposing interpleader, and its obligations thereunder, in its briefing on its Motion to Dismiss. The Court rejected that Motion, concluded it had jurisdiction to resolve Continental's interpleader complaint, and ordered the United States to "assert [its] claims . . . to the disputed stake." *See generally id.*

**Position of North Dakota Board of University and School Lands:**

Paragraph 2 should read as follows:

2. By August 13, 2019, the United States of America ("United States") shall make a filing with the court that sets forth its claim to the stake and shall file its response to the Land Board's filing.

**Position of the United States of America:**

Paragraph 2 should read as follows:

2. By August 13, 2019, the United States of America ("United States") shall file either an answer to the complaint or a Rule 12 motion.

The United States is not questioning the Court's conclusion in its December 31, 2018 order that sovereign immunity does not bar this action and it acknowledges the order's directive that "North Dakota and the United States shall assert their claims, if any, to the disputed stake . . . ." ECF No. 49 at 14. While this language can certainly be read to require both parties to affirmatively assert their claims, the United States notes that elsewhere in the decision the Court stated that it declines to consider any merits arguments "until North Dakota has actually asserted

its claims." *Id*. at 3.  Further, in a typical action under the Quiet Title Act, the party disputing federal title files a complaint and the United States then responds by filing either an answer or a Rule 12 motion, consistent with the Federal Rules of Civil Procedure.  In declining to consider certain arguments advanced by the government in its motion to dismiss, including a statute of limitations argument, the Court appeared to recognize that these arguments are properly advanced in the second phase.  *Id*. at 3, 5, 12.  Because a statute of limitations defense calls into question the court's subject matter jurisdiction, it is a defense that a defendant may assert by Rule 12 motion.  For this reason, the United States respectfully recommends a path forward that is compatible with both considerations (i.e., initiating an action, on the one hand, and allowing the United States to advance appropriate defenses, on the other).  Specifically, the United States proposes that that the Court's scheduling order authorize the United States to file an answer or a Rule 12 motion by August 13, 2019, as it would do under any claim arising under the Quiet Title Act.  The United States' posture in a title challenge should not be different simply because the proceedings that are to occur in the second phase of this case were initiated by interpleader.

Dated April 12, 2019.

CONTINENTAL RESOURCES, INC.

 */s/ Lawrence Bender*
LAWRENCE BENDER, ND Bar #03908
FREDRIKSON & BYRON, P.A.
1133 College Drive, Suite 1000
Bismarck, ND 58501-1215
lbender@fredlaw.com
(701) 221-8700

DAVID W. OGDEN, admitted *pro hac vice*
PAUL R.Q. WOLFSON, admitted *pro hac vice*
NATHANIEL CUSTER, admitted *pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
david.ogden@wilmerhale.com
paul.wolfson@wilmerhale.com
nathaniel.custer@wilmerhale.com
(202) 663-6000

*Counsel for Continental Resources, Inc.*

STATE OF NORTH DAKOTA
WAYNE STENEHJEM
ATTORNEY GENERAL

 */s/ Charles M. Carvell*

CHARLES M. CARVELL, No. 03560
Special Asst. Attorney General
cmc@pearce-durick.com
314 East Thayer Avenue
P.O. Box 400
Bismarck, ND 58502-0400
Telephone (701) 223-2890
Facsimile (701) 223-7865

DAVID P. GARNER, No. 06860
dpgarner@nd.gov
JENNIFER L. VERLEGER, No. 06732
jverleger@nd.gov
Assistant Attorneys General
Office of the Attorney General
500 North 9th Street
Bismarck, ND 58501-4509
Telephone (701) 328-3640
Facsimile (701) 328-4300

*Attorneys for North Dakota Board
of University & School Lands*

CHRISTOPHER C. MYERS
United States Attorney

 /s/ Kent Rockstad
KENT ROCKSTAD
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND 58102-4932
(701) 297-7431
ND Bar Board ID No. 05434
Kent.Rockstad@usdoj.gov

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
JOHN S. MOST, Trial Attorney
Natural Resources Section
P.O. Box 7611, Washington, D.C. 20044
202-616-3353 || 202-305-0506 (fax)
John.Most@usdoj.gov

*Counsel for United States of America*

# ORDER

The court, having discussed relevant issues with counsel on this date, **ADOPTS** the parties' proposed case schedule, except as modified below:

1. By June 14, 2019, the North Dakota Board of University & School Lands (Land Board) shall file a pleading that sets forth its claim to the stake.

2. By August 13, 2019, the United States of America shall assert its claims, if any, in a manner consistent with the Court's order, dated December 31, 2018.

3. After the United States' August 13, 2019 filing, proceedings in the case will be stayed, including any deadline the Land Board or Continental Resources, Inc. ("Continental"), may have to respond to the United States' August 13 filing, until September 19, 2019, or such other date set by further order of the Court. During the stay, the United States and Land Board shall discuss whether the dispute that gave rise to this litigation can be resolved. By no later than September 19, 2019, the United States and Land Board shall inform the Court about the status of their discussions, at which time the Court will consider a schedule by which the case will be brought to conclusion.

4. A status conference will be held among counsel and the Court, in Bismarck, North Dakota, on September 20, 2019, beginning at 10:00am, Central Time. All counsel are encouraged to attend the status conference, in person.

No trial date or final pretrial hearing will be determined, pending the outcome of the September 20, 2019, status conference.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court